# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************************

2019 NOV 15 P 2: 57

-David Konze, individually
PO Box 474
Concord, NH 03302-0474

**JURY TRIAL DEMANDED**

v.

**Civil Action No.**

-Town of Hampstead, NH
Town Hall
11 Main St
Hampstead. NH 03841

-Kathleen David
19 Steeplechase Dr.
Hampstead, NH 03841

-Police Officer John Doe #1 in both his Official and Individual Capacity, as an employee of the town of Hampstead, NH Police Department;

-Police Officer John Doe # 2 in both his Official and Individual Capacity, as an employee of the Town of Hampstead, NH Police Department;

-Police Officer John Doe #3, in both his Official and unofficial capacity as an employee of the Town of Hampstead, NH Police Department;

~~(Kathleen David)~~

DK 11/15/2019

**Defendants**

*******************************************

## COMPLAINT - CIVIL ACTION

**NOW COMES** the Plaintiff David Konze and hereby brings this civil action for damages, costs, and fees arising from the Defendant's unlawful harassment and theft of property, without proper due process

**NOW COMES** the Plaintiff David Konze and hereby brings this civil action for damages, costs, and fees arising from the Defendant's unlawful harassment and theft of property, without proper due process

## PARTIES

1. Plaintiff David Konze (hereinafter "Konze" or "Plaintiff") with a mailing address P.O Box 474 Concord, NH 03302-4474

2. Defendant, Town of Hampstead, NH (hereinafter, "Town of Hampstead")

3. Defendant, Kathleen David (hereinafter "David or Defendant")

4. Police Officer John Doe #1 (hereinafter "Hampstead Police Officer John Doe #1") in both his Official and Individual Capacity, as an employee of theTown of Hampstead, NH Police Department;

5. Police Officer John Doe #2 (hereinafter "Hampstead Police Officer John Doe #2") in both his Official and Individual Capacity, as an employee of the Town of Hampstead, NH Police Department;

6. Police Officer John Doe #3 (hereinafter "Hampstead NH Police Officer John Doe #3") in both his Official and Individual Capacity, as an employee of the Town of Hampstead, NH Police Department;

## JURISDICTION

5. This is a civil rights action brought by Plaintiff Konze to seek relief for the Defendants' violations of his rights secured by the Civil Rights Act of and 1871, 42 U.S.C. §1983 and the rights secured by the Fifth and Fourteenth Amendments to the United States Constitution and the rights

secured under the Constitution of the State of New Hampshire, Article 19, and the common law of the State of New Hampshire. Plaintiff seeks compensatory and punitive damages, injunctive and declaratory relief, and such other relief as this Court deems equitable and just.

7. This Court has supplemental jurisdiction for state causes of action under 28 U.S.C. § 1367.

## BACKGROUND FACTS

8. On Monday 06/17/2018, Brenna Evans was driving Konze's 2011 BMW with MA tags 3DB-778 and was pulled over by Hampstead Police Officer John Doe #1

9. Once Hampstead, NH Officer John Doe #1, upon arriving at the driver's side window, stated "Sorry ma'am, you're not David" and walked back to his cruiser and drove off. Please refer to 1:19-cv-00063-JL for further details

10. Konze entered an at will verbal agreement with David to begin paying rent in November of 2018 for a third floor room at 19 Steeplechase Drive, in Hampstead, NH

11. Konze had upwards of 10 Police contacts after moving into Defendant's Condo on or about 02/01/2019, however, only two were for legitimate cause

12. On or about 09/15/2019 Hampstead Officers John Doe # 2 and John Doe # 3 were at 19 Steeplechase Dr.

13. Upon arriving, Hampstead Officers John Doe # 3 asked Konze if he was "Smoking Crack" then entered the residence at 19 Steeplechase Drive in Hampstead and called in Plaintiff's MA License Number to Hampstead, Police Headquarters

14. After Hampstead Police Officer John Doe # 3 was finished interrogating Konze, in his home, he left and 'Strongly Urged" Konze to move out of 19 Steeplechase as soon as possible, stay out of Hampstead and "move to Haverhill"

15. Konze promptly left the condo with very few of his belongings

16. On or about 09/23/2019, Konze drove to Hampstead and made an attempt to retrieve some of his belongings but the Defendant had changed the locks

17. Konze went to Defendants condo on 09/30/2019 and was able to retrieve more of his belongings, including but not limited to his insulin and Diabetic supplies before being asked to leave by Defendant

18. Konze sent a certified letter to Defendant on 10/16/2019 requesting a phone call to establish a mutually convenient date and time for Konze to move the remainder of his belongings, furniture included, prior to 10/31/2019

19. The above certified letter was never picked up by the Defendant and most of Konze's property remains at 19 Steeplechase Dr. Hampstead, NH 03841

## JURISDICTION

20. Jurisdiction is conferred upon this court by 28 U.S.C 1331 and 1343(3) and (4), as this action seeks redress for the violation of the Plaintiff's Constitutional and Civil Rights.

21. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. 1367(a) over any and all State of New Hampshire Constitution and State Law claims that are related to this claim, within the original Jurisdiction of this Court that they form part of the same case or controversy.

22. Defendant Town of Hampstead, NH is an incorporated municipality, authorized under the laws of the State of New Hampshire to maintain a Police Department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Town assumes the risks incidental to the maintenance of a Police Force and the employment of Police Officers.

23. At all relevant times, the Town of Hampstead, NH is authorized under the laws of the State of New Hampshire, to maintain a Police Department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Cities assume the respective risks incidental to the maintenance of a Police Force and the employment of Police Officers.

24. Defendants Town of Hampstead, NH Police Officer John Doe #1, Police Officer John Doe #2 and Police Officer John Doe #3 is and/or were at all relevant times herein, Police Officers, Employees and agents of the Hampstead Police Department, a municipal agency of the Town of Hampstead New Hampshire, Defendants were/are duly appointed and acted as Police Officers of the Hampstead Police Department. Police Officer John Doe #1, Police Officer John Doe #2 and Police Officer John Doe #3, are all being sued in their Official and Individual Capacities.

25. The above referenced Defendants, at all relevant times, relevant herein, were on duty with the Hampstead Police Force.

26. Defendant, Kathleen David, seemingly appointed herself as the Law Enforcement Arm of the Steeplechase Drive cul de sac and is being sued in her Individual Capacity.

27. The conduct of the defendants' harassment of Konze, proximately caused physical and emotional pain and suffering, missing furniture and other personal belongings, loss of enjoyment of life, mental anguish, shock, fright and embarrassment with the violation of his Constitutional Rights. Konze has and continues to suffer trauma and humiliation as a result of being publicly harassed

28. At all times relevant herein, Defendants acted intentionally, willfully, negligently and with reckless disregard for and deliberate indifference to Konze's Rights, physical and mental well being by harassing Plaintiff

29. The actions of Hampstead, NH Police Officers, as set forth herein, were the result of the failure of the Town of Hampstead New Hampshire Police/Agency Department to properly train, supervise and discipline its officers. The failure to train, supervise and discipline its officers. The aforementioned failures of supervision, training and discipline are, in part, responsible for the unconstitutional, deliberate, negligent, careless and intentional actions of Hampstead Police Officer John Doe #1, Hampstead Police Officer John Doe #2 and Hampstead Police Officer John Doe #3,

30. Defendants actions were done willfully and knowingly to deprive Konze of his Constitutional Rights, under the 4th, 5th and 14th amendments to the United States Constitution. Defendants are liable for violation of 42 U.S.C. 1983 which prohibits the deprivation, under the Color of State Law, of individuals rights secured under the United States Constitution.

**JURY DEMAND**

31. Plaintiff requests a Trial by Jury in this action on each and every one of his claims

**COUNT I**

## Violation of 42 U.S.C. § 1983
## Violation of the 4th, 5th and 14th Amendments of the U.S. Constitution

32. The allegations in Paragraphs 1 through 31 are realleged and incorporated herein.

33. By the Defendants' conduct, as described herein, and acting under the color of State Law to deprive Konze of his right to be free from harassment and searches with no probable cause, as is required by the Fourth Amendment, and denial of proper due process as stated in Amendments five and fourteen of the United States Constitution, Defendants are liable for violation of 42 U.S.C. § 1983, which prohibits the deprivation, under the Color of State Law of the Rights secures under the United.

### COUNT II
### (Declaratory Judgment)
### Wherefore, Plaintiff prays for relief as follows:

34. A declaration that the Defendant's conduct violated the 4th, 5th, and 14th amendments to the United States Constitution and Plaintiff's Rights under the State of New Hampshire Constitution and State Common Law in the matters alleged herein, upon evidence adduced at trial or otherwise.

35. Award Konze compensatory damages against the Defendants, including, but not limited to any emotional distress, recompensable costs, and any other compensatory damages as permitted by law and according to proof at trial.

36. Award Plaintiff Punitive Damages

37. Award Plaintiff attorneys fees pursuant to 42 U.S.C. 1988

38. Award costs of suit pursuant to 42 U.S.C. 1920 and 1988; and

39. Award Plaintiff other relief as this court may deem appropriate.

### JURY DEMAND

Case 1:19-cv-01159-JD  Document 1  Filed 11/15/19  Page 8 of 9

40. Konze hereby demands a trial by jury on all issues triable by jury.

Respectfully submitted,

*/s/ D K  11/15/2019*

David Konze, pro se plaintiff
P.O. Box 474
Concord, NH 03302-0474
978/604/7721

## Certification of Service:

The plaintiff hereby certifies that a copy of the attached complaint was mailed via USPS on 11/15/2019 to:

Kathleen David
19 Steeplechase Drive
Hampstead, NH 03841

Hampstead Town Hall
11 Main Street
Hampstead, NH 03841

Hampstead Police Department
30 Veterans Way
Hampstead, NH 03841

Germaine & Blaszka
Don Blaszka
23 Birch St
Derry, NH 03038


Respectfully Submitted

*[signature]* 11/15/2019

David Konze